Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open to call into law. God save the United States and this honorable court. Thank you. Good morning and welcome to the same second day of our of our panel. Judge Newsom, Judge Choflat and I are happy to have you all here. Unfortunately by Zoom we were supposed to be in Jacksonville this week but hopefully that will change soon and we'll be able to get back to our normal business the way we typically handle it. You have a clock on the corner of the monitor so that'll tell you where your time is. You'll also get a two-minute warning from Valerie when your time is about to run. If we take you beyond your time then don't worry about it. You're on our time and not yours. We had a little bit of a technological problem yesterday, specifically a problem with on my end of things and I lost connection. So if that happens to me or to anyone else today just hold on and we will try to get that person back on as quickly as possible. So bear with us if we have any issues. We're all trying to get by as as well as we can. And with that we're ready for our first case. It is numbers 19-13366 and 19-13587 United States versus Edwards et al. And we will start with Mr. Labonte. Good morning. Good morning and may it please the court. I'm Adam Labonte on behalf of Nolan Edwards. The issue in this case is whether section 404 of the first step act authorizes a district court to impose a component of a sentence that was not imposed at the original sentencing. Under section 404 a district court can reduce only what was previously imposed as if the fair sentencing act was in effect. The court may only reduce not increase the previously imposed sentence. The court cannot add. Mr. Labonte this is Judge Newsome. Can you explain to me why it is in just sort of real world terms why this isn't a reduced sentence from life without release to most anything it seems to me would be reduced. Right so a sentence is composed of several different parts and those parts include a term of imprisonment, a term of supervised release, and a fine. So for example if a defendant was sentenced to life in prison and the court said well because you're going to prison for life I'm not going to impose a fine and then if it was reducing the sentence it were to impose or increase the fine that was previously imposed that would not be consistent with what the section 404 authorizes. When a sentence is reduced what already existed. Well I guess but you want to break a unitary sentence up into components. You keep saying that you can't add a component but 404 just says reduced sentence and I mean are you telling me that your clients would rather have life without release than the sentence they have? I mean isn't this a isn't the fact that they would prefer this sentence pretty good evidence that it is in fact a reduction? The term of imprisonment is a myth that any component that wasn't in existence when the sentence was imposed and is otherwise final is is an increase or an addition to the sentence that was previously imposed. Just one more question then I'll shut up. So what's the authority though for breaking out the sentence into components? You keep keep talking about components but 404 just says sentence. Well I think you have to look at the original sentencing hearing and the original at an everything in its totality and decide what the sentence to be imposed is and so at the original sentencing hearing a court has the authority to impose a term of imprisonment, a term of supervised release, a fine after consideration of all the factors. So in this case I think in imposing a reduced sentence we are stuck with you know the section 404 is a limited remedy. So we are dealing with the sentence as exists at the time it's being reduced and here the only component of a sentence that was imposed as to Mr. Edwards was a term of imprisonment. So by converting to or adding or increasing a term of supervised release does not comport with the language of section 404 and and a good example of in the court is asked whether the appropriate vehicle here is section 404 3582 c1b and I submit that no matter what the vehicle is the the district court was without authority. If we look at section 3582 c1b which says that the court may modify a previously imposed sentence consistent with the statute and then we look to the neighboring provision for compassionate release 3582 c1a there congress explicitly allows a district court to convert the remaining term of imprisonment to a term of probation or supervised release with or without conditions that previously existed and under section 3582 c1b or in section 404 congress did not afford district courts that authority. So I think in in imposing a reduced sentence the court can reduce what was previously imposed and to to do so otherwise equates to a plenary resentencing hearing. Well let me let me ask you this hypothetical. So let's say that the district court at the original sentencing had made a mistake and instead of imposing I guess back then it was a 10-year term of supervised release right? Yes your honor. Okay so the district court made a mistake and imposed a two-year term of supervised release but nobody really cared because in practical terms as Judge Newsom hinted the defendant was serving a life sentence so the supervised release term would theoretically never kick in. If the district judge imposed a two-year term of supervised release could he now impose a term of supervised release? I submit if he increased the term of supervised release that would not be consistent with what intact but to say for example the statutory range called for a 10-year term and under section 404 and applying the fair sentencing act it is now an eight-year term. I submit the court couldn't increase the two-year term of supervised release to eight years because section 404 only provides the authority to impose a reduced sentence. But it also says you're right about a reduced the reduced of the fair sentencing act of 2010 were in effect at the time the covered offense was committed and so if you look at that clause along with the reduced sentence clause doesn't it force you to doesn't it force the district judge to put himself or herself back in time and just impose as Judge Newsom hinted a unitary new sentence that complies with the fair sentencing act if the court is to read it that way I think that amounts to a plenary resentencing and this court in the Denson case says that a proceeding under section 404 is a limited remedy and the court is not called upon to answer questions that didn't consider at the original sentencing. Well I think that but but that may lead to the second question which is although we've said that you generally don't aren't entitled to a resentencing hearing in these types of cases you may be entitled to some sort of process if the district judge is going to impose a term of supervised release and has to figure out for example what conditions to impose if the judge is going to impose conditions for example beyond the standard ones it seems to me that both the defendant and the government should be heard on that issue because that's a discretionary for the district court and it may or may not be proper to impose non-standard conditions of supervised release is that a separate question or is it linked up with everything else you're arguing um well I think that that's a it's a secondary question here so the first question the court has to answer is what does section 404 allow the district court to do and Mr. Edwards submits that it allows the court to reduce what previously existed um to to do otherwise undermines the the purpose of the initial sentencing if the court is going to reconsider things here the court and I and I recognize that it's it's the court aired I just submit that section 404 is not the appropriate channel for the court to correct the error um the the other avenues for which the court could have this mistake would have been on a remand on a direct appeal but this issue was not addressed there Mr. Edwards filed a 2255 motion this was not addressed there um under rule 35 as it exists now says that correction of an error is limited to 14 days after entry of the judgment um and we're well beyond that time period um so I submit that section 404 as the court said in Denson being a limited proceeding and the court not being called to answer questions that didn't consider it the original sentencing precludes the court from adding this component to the sentence Mr. suppose the judge that in imposing the sentence had imposed a 10-year term of supervised release what message would that send to the defendant that is the common practice and I submit that what happened what what met he's got a sentence of life without parole so what message would be sent to the defendant if the court tacked on a 10-year supervised release well I I think it recognizes that the laws as we see with section 404 and the the fair sentencing act you change it sometimes in a defendant what wouldn't it tell the is meaningless well I I think the example here in Mr. Edwards case is shows that why thank you I think that Mr. Edwards case shows why it's important that the court um at the original sentencing follow the mandates of the statute which says a life sentence still requires a 10-year term of supervised release and with the enactment of section 404 um making the different spot um I I think that there's an assumption when a sentence is imposed that it is final but as we see here that is you know not for certain the reason I asked that question is it would send the message to the defendant that without parole is meaningless so he has some hope that he's he's got a life sentence without parole but that's meaningless because come a time when the court is going to put him on super release him and put it or he'll be released and put on supervised release and your honor that that's that's the category of breeding disrespect for the rule of law or misleading people that's what I'm driving at but unfortunately you know no matter whether it's disrespect for the law congress has mandated that the court even in imposing a mandatory life sentence still should impose must impose a 10-year term of supervised release even though it's meaningless right but for example here in Mr. Edwards case that imposition would would ultimately not be meaningless because Mr. Edwards was later eligible for a reduced sentence um let me ask you let me ask you this let me ask you this policy question and I know policy is far from what we're supposed to be to hold that a district court in this situation cannot impose a term of supervised release right now remember the fair sentencing act applies and and the first step act apply to a lot of cases that don't involve life sentences but involve severe sentences for example for crack cocaine offenses if we say and hold that you cannot impose a term of supervised release in these circumstances does that create the perverse effect or incentive for a district judge to say I'm not reducing your sentence because I can't make sure that you're going to be on supervised release afterwards and I don't want to take that chance and so I'm going to use my discretion and deny your motion for a reduction of sentence and your honor I see I'm over time I can answer the question correct yes please um I I would submit that this is a very rare situation where an issue like this has arisen generally even in posing life sentences from what I've seen and working on several hundred of these first step back cases over the last two years is that in imposing a life sentence the court imposes the the term of supervised release required by statute here the district judge did not condition the reduction on whether he could impose the term of supervised release or not um and that and that is the sole issue on appeal here I know but I'm asking you what what happens down the road with a different judge who is faced with the same scenario a judge who made a mistake in terms of what supervised release term he or he imposed the first time around I mean that that could be a consideration of the judge but I think you know in a case where the defendant and the judge can look at their prison record and if in their discretion they want to they want to reduce the sentence that that is totally within the court's discretion to do so because of title 18 section 3553 the court takes all the sentencing purposes into account isn't that right correct so your answer your answer to judge Jordan's question is that the court in taking all those things into account can say I'm not going to reduce the sentence a court would be it remains a life sentence and there the court has clear that um a motion brought under section 404 is within the court's discretion whether to reduce it or not and I think a court in consideration of all the 3553 factors um can make whatever determination it is and I reiterate that you know the situation in Mr. Edwards case is quite rare um and I it's only come up in a handful of cases here um most of them from the mid 90s in the middle district of Florida where in imposing the life sentence the court did not impose the term of supervised release required by statute okay Mr. Labonte thank you very much you saved your time for rebuttal thanks McNamara good morning and may I please the court uh Linda McNamara for the United States I think beyond that policy concern that Judge Jordan just brought up there is a more fundamental concern and that is if the addition of this term of supervised release in this situation increases the defendant's overall sentence the defendant the district court is not authorized under the first step act to give the defendant any relief the relief under the first step act must be as if sections two and three of the fair sentencing act had been in effect and if section two of the fair sentencing act had been in effect at the time of this defendant's original offense an eight-year term of supervised release would have been mandatory so if if adding that term of supervised release increases his punishment the the first step act doesn't release here now that's not a result that anyone here wants I think and I don't think that's a result that's compelled by law now Denson does a lot of work for us here on many of the issues that were raised in the briefs it establishes that a first step back proceeding falls under section 3582c that consequently rule 43 applies and establishes that the district court need not and that in any event a first step back sentence modification is not a critical stage requiring the defendant's presence to meet the requirements of due process this is Judge Newsom so I think you're right about the bit about not being a critical stage at which the defendant has to be present but as the first point you made that Denson holds or observes or something like that that 404 motions necessarily fall into 3582 I'm not sure I mean the court sort of seemed to talk about the two in the same breath but I'm not really sure that there was anything there approaching a holding that 3582 is a necessary prerequisite or vehicle for the 404 right well I think I disagree with you on that Judge Newsom I think to the court's holding there that rule 43 applies is that this is a 3582c proceeding and if you look at this court's precedents and interpretations of Denson mostly they've well they've all been unpublished opinions but have all taken Denson to establish that a first step back sentence modification is a 3582c proceeding but I mean so just explain to me just sort of I guess as a matter of first principles why that is I mean 3582 gives the district court the authority to do one thing to modify a term of imprisonment right then could a 404 404 is clearly broader than that in the sense that it authorizes a reduced sentence so how is it that what I'll call the smaller 3582 can accommodate the larger 404 just as a matter of kind of physics how can it do it okay well in a in a case like this one where all we have is a term of imprisonment I think this fits very neatly under 3582c fine fine fine I hear what you're saying but I guess I'm saying like like you know as a as an abstract matter you've got two statutes and you say that 3582 is the necessary first step the necessary um uh you know sort of prerequisite to a 404 why would it be the necessary step to a 44 innocent in a reduction of a supervised release term but not in a term of imprisonment I mean the words are what the words are right correct but so so it is a necessary part of the procedural vehicle when a term of imprisonment is what we're talking about modifying and that is what we're talking about modifying here right he didn't have a term of supervised release now if all he had was a term of supervised release I don't think that 3582c is is the vehicle it can't be all it talks about is modifying a term of imprisonment but so so sometimes hold on one sec so sometimes 404 is a standalone vehicle and sometimes it's not I mean that that just doesn't seem I think it has well I think it does make because the purpose of 3582c was to to limit the revisiting of terms of imprisonment it is it is specific to terms of imprisonment so I mean we can't just read that out by taking 404b separately I mean 3582c's purpose was to to define when a term of imprisonment can be revisited and that is when it's expressly permitted by statute and here 404b is the statute that expressly permits it now let me ask you just one more question about this vehicle issue and then I'll then I'll relent so if your position is that 3582 is a necessary prerequisite necessary vehicle to a 404 and in this in here you know it says can modify a term of imprisonment by what authority did the add supervised release 3582 does not give it authority to do that it only gives it authority to modify a term of imprisonment so by what authority did are you still with me oh I'm sorry I just lost that whole thing you said could you start over okay that's okay let right 35 only when there's a term only when you're talking about revising modifying a term of imprisonment boy I just don't think I understand that I mean like if 3582 is the vehicle through which a 404 is brought I mean here's the thing you have you have two things going on here one we have to acknowledge that the district court added supervised release right yes so 32 doesn't give it the authority to do that because 3582 well hold on what please please please please please yes 3582 only gives it the authority to modify a term of imprisonment which doesn't include supervised release then the 404 only gives it authority to reduce a sentence and at least on Mr. Levante's theory a reduction of the component of the supervised release or an increase in the component of supervised release is in a reduction of anything okay 3582 allows uh the modification of imposed term of imprisonment as expressly permitted by statute it doesn't itself define what remedy the court what what the result can be okay I I have to disagree with you in saying that 3582c doesn't permit the addition of the term of supervised release here because it 3582c refers to as expressly permitted by another statute you the court can modify and impose term of imprisonment as expressly permitted by another statute so let's say another statute said um court you can go back in and you can you can get rid of a term of 3582c would still be involved would still be the vehicle because you are modifying an imposed term of imprisonment we look to the other statute for the extent of relief available and that's exactly what the court did here it it looked to the first step act for the extent of relief available and the and as expressly permitted by the first step act was a sentence of at least 10 years imprisonment up to life imprisonment plus a mandatory term of supervised release eight-year supervised release now it also has to be a sentence reduction under the first step act so but here of course we were talking about a life term of super of imprisonment without any possibility of release so I think any term of imprisonment to a term of years plus supervised release is going to be a reduction in the sentence so I think that the district court did exactly what it was supposed to do it modified and imposed term of imprisonment and it reduced the sentence as if section two of the of the fair sentencing act had been in effect right miss in nature right they they're not concentric circles but they overlap to a degree why is in section 404 of the first step act self-executing I mean it says that a district court can impose a reduced sentence as if sections two and three of the fair sentencing act of 2010 were in effect at the time the offense was committed why isn't that an authorization from congress to reduce a sentence if everything that's supposed to apply applies well I think it would be were it not for 3582 c which of course pre-exists section 404 b that says a court cannot modify an imposed term of imprisonment except as expressly permitted by statute right but the and so and so to the extent that there is a conflict right one of the general canons of construction is if there's an irreconcilable conflict you take the latter over the former because it's the latest expression of legislative purpose and intent so why did that apply here I guess I see no conflict that I think that that 404 b is that expressly permitted by statute is what 3582 c anticipated would happen is that maybe from time to time congress would find would find a need to enact a statute to allow a court to modify an imposed term of imprisonment and that's exactly what congress did here now I'm I guess I'm not really sure that any of this makes a lot difference to the result here I do think that Denson presumes and and and as part of its holding as necessary to its holding determines that the 30 3582 c 1 b is the procedural vehicle here but I'm not sure that ultimately it does make any difference to what happened here um right let's turn to let's turn to a secondary issue depending on what we decide on the first major issue but when a district court and I'm putting on my district judge hat so when a district judge is trying to decide what term of supervised release to impose and what conditions to impose the judge usually hears from the party especially if non-standard conditions are going to be considered right yes in a scenario where the judge imposes non-standard conditions of supervised release in a case just like this one are the parties entitled to be heard I'm not talking about a de novo sentencing hearing but are the parties entitled to be heard in other words the judge has to tell them listen I'm going to impose the eight-year term of supervised release but I'm thinking given Mr. Blank's history of imposing these four non-standard conditions are the parties entitled to be heard on those I think that certainly the parties are entitled to be heard in some fashion um whether that has to be beyond in writing uh I'm not I'm not suggesting otherwise but I'm talking about the ability to tell the judge what you think about that possibility one way or another I know we don't have that in Mr. Edwards case because the judge said that the standard conditions applied but I can very easily imagine a scenario where a district judge says I'm going beyond the standard conditions or at least I'm considering doing that is there a place to have some sort of process for the parties in that sort of scenario uh yes Judge Jordan I think that in that minute warning thank you I think that in that scenario that that uh should have an opportunity to respond probably in writing to make to make their arguments in writing as they as they did here um particularly as to something like that which would be a contested issue and if it's a contested issue I think due process requires some ability to present the party's position so I do think in in the situation of special conditions um not the standard as we had here but I do think that some ability to uh at least present the party's arguments due process would require that yes I do agree with that yes um but beyond that I think um you know Denson tells us uh this is not a critical stage in the in the proceedings nothing about the addition of the discretionary uh factual findings here we were talking about a mandatory statutorily required term of supervised release and with uh the imposition of standard terms he was he filed a motion in which he presented his argument as to whether that should be applied at all and I think that's all the process that was due him in this situation um I see can I ask you one more question um so um I mean I take it your point and you heard my questions to Mr. Levante that your point here is that you know in a very practical sense of course this is a reduction because you know life uh without release change to anything except death uh would be reduction but there's no magic I assume in your position between sort of time in prison and supervised release it's not that like one is categorically different or worse than the other like I think Mr. Levante has a hypothetical in his brief where he says what if the district court judge reduced the prison term by one day but tacked on 50 years of supervised release or something that you I mean you wouldn't say that that would be a reduction in the sentence would you I think that's a tough argument I mean I I think you know when you get into a gray area like that there is room for argument about whether that is really a reduction in the sentence um but here you as you say I mean this man is out now he's he's on supervised release he's not in prison anymore it's clearly a sentence reduction but um you know I can see how there would be gray areas where something is something maybe is maybe something maybe isn't and uh if it isn't it's not authorized by the first step act you know which gets back to my original point if he's saying this is not sentence reduction he can't get relief and he has to stay in prison for the rest of his life and that just makes no sense and that's not what's necessary here I see my time has expired I just did want to make um one one small point if I could if I could just to sum up um I want if the court determines that the court could have reduced Edward's term of imprisonment without imposing a term of supervised release I do think a remand for the district court to reconsider its ruling is necessary um the district court here did stress in its order the importance of supervised release particularly for prisoners who've been incarcerated for a long time as Edwards has here and if the court had not been authorized to impose that term of supervised release it may not have exercised its discretion to reduce this term as imprisonment at all or it may have tried to fashion some other sentence to help him transition um after such home confinement or something of that nature so uh if the court could not impose that term of supervised release here the court cannot lawfully just uh remove the term of supervised release and uh and affirm the reduction in his sentence thank you thank you very much miss McNamara Mr. Levante thank you um I'd like to first address miss McNamara's last point that she made there and I think that her argument is foreclosed because in the district court below there was no dispute among the parties that the court should reduce Mr. Edwards term of imprisonment to 262 months and there was no opposition as to that and we that the only issue that was litigated was whether the court had authority to impose the term of supervised release and if so what process was required so I think that the government has waived the argument that if the court that didn't condition its consent below as to the term of imprisonment on the district court imposing the term of supervised release they were separated issues that were litigated there and I also don't read the district court's order to say that if um it could not impose a term of supervised release it would not have reduced Mr. Edwards sentence so I I just want to make that clarification as to Mr. McNamara's point there and I also want to touch on um the government's relying reliance on 3582 C1B and the Denson case because if this court is to hold that 404 is its own vehicle I think that Denson is somewhat undermined um for several reasons um if 3582 C1B is the controlling statute here and 404 is the ancillary statute by its plain language C1B says the court can only touch the term of imprisonment and modify that so the term supervised release is is outside of the court's authority um to to modify or reduce um if 3582 C1B is the controlling statute so so Mr. Labonte can I ask you a question and I'm not asking you to divulge your litigation strategy but I guess I was a little surprised in your supplemental briefing that you didn't make the argument that you just made I mean I thought what you might have said in response to our question about what's the vehicle you would have said well 3582 is and 404 is the ancillary and if 3582 is the governing sort of vehicle standard then the only thing the court could have done here is is touch the term of imprisonment and it had no authority to do anything with supervised release but you didn't say that you said that 404 is a standalone vehicle well I I think that 404 and I think I've consistently maintained this position authorizes the district court to reduce components previously imposed so in a case where a term of support under 404 is within its authority to reduce that but here where supervised release was not a consideration and imposed by the district court um it does not provide the authority for the court to do so um but if this court is to hold that 3582 C1B is the controlling statute here um the issue of supervised releases outside of the court's jurisdiction as it speaks only to a term of imprisonment and then we're to read um a reduced sentence in section 404 is relating to a term of imprisonment and and the Denson case also um I I think if this court divulges from 3582 C as the C1B as a controlling statute um here the district court considered matters that it did not consider at the initial sentencing um and that is the component of the term of supervised release so Denson's holding that a hearing is not necessary because this is proceeding under 3582 um it would not stand if 404 is its own um vehicle for which to do this because rule 43 does not preclude a motion brought under 404 from having a hearing and additionally the Denson case relies on the Brown case um in terms of what the standard for having a hearing is and I think here Mr. Edwards if the court was within its authority to impose a term release which I submit it was not a hearing was necessary because the court was um um undermined it undermined the sentence as a whole and it was exercising in significant discretion and I think that's what the court was doing here in modifying the defendant's sentence perhaps when questions the court was not called upon to consider at the original resentencing I see that I'm out of time um so unless there are any other questions I submit um that the district was without authority to impose the term of supervised release as to Mr. Edwards but if it was within its authority in this case a hearing was necessary because it added components that Mr. Edwards did not have notice of thank you all right thank you both very much it was very helpful